IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2004 Session

## STATE  RESOURCES CORPORATION v. THOMAS E. TALLEY

**A Direct Appeal from the Chancery Court for Crockett County**
**No. 8256     The Honorable George R. Ellis, Chancellor**

———————————

**No. W2003-01775-COA-R3-CV - Filed June 9, 2004**

———————————

Appellee purchased Appellant's overdue Note from FDIC, who was receiver of The Bank of Alamo. Appellee sought to enforce the Note and trial court entered Judgment for Appellee. Appellant contends that Appellee had no right to enforce the Note because Appellee was not a holder in due course.  Since no defenses to enforcement were raised by Appellant, the question of whether Appellee is a holder in due course is irrelevant.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Sam J. Watridge of Humboldt for Appellant, Thomas E. Tally

Gregory D. Smith of Clarksville and Stephen L. Hughes of Milan for Appellee, State Resources Corporation

## OPINION

On April 21, 2001, Thomas E. Talley ("Defendant," or "Appellant") borrowed one hundred thousand dollars ($100,000.00) from The Bank of Alamo.  The promissory note (the "Note") matured on April 24, 2002.  On May 3, 2002, the Note was extended to September 3, 2002.

On October 25, 2002, The Bank of Alamo filed a Complaint against Talley for default in payment of the Note.  On November 8, 2002, the Federal Deposit Insurance Corporation ("FDIC") appointed itself receiver of The Bank of Alamo.  On or about February 14, 2002, the FDIC executed an assignment of the Note to State Resources Corporation ("SRC," "Plaintiff," or "Appellee").  On February 24, 2003, SRC filed a "Motion to Substitute Party Plaintiff," seeking to have itself substituted as plaintiff for The Bank of Alamo in the suit against Talley.  On February 24, 2003, SRC also filed a "Motion for Default Judgment" based upon Talley's failure to plead.  On March 10,

2003, Talley filed his Answer, which denied that The Bank of Alamo is a "Tennessee Banking Institution" because it was closed by the FDIC. On March 20, 2003, an Order was signed, which substituted SRC for The Bank of Alamo as Plaintiff in the suit. Talley made an "Offer of Judgment" on April 11, 2003.

On May 28, 2003, a hearing was held. On June 24, 2003, the trial court entered its "Order of Judgment," which reads, in relevant part, as follows:

> This cause came on to be heard on May 28, 2003...upon the Complaint, the answer thereto, oral stipulation and argument of counsel and the entire record in the cause whereupon it appeared to the Court that State Resources Corp. is entitled to a judgment against Thomas E. Talley in the amount of $121,874.94, plus accruing post judgment interest at the contractual default rate of 21% APR and attorney fees of $12,187.50 and the costs of the cause....

Talley filed his "Notice of Appeal" on July 11, 2003. Talley raises the following issues for review as stated in his brief:

> I. Did the trial court err when it held that the appellee is a Holder in Due Course of negotiable paper.
>
> II. Did the trial court err when it granted ten (10) percent attorney fees to the appellee's counsel.

A "Notice of Intent to File a Statement of Evidence" was filed on August 4, 2003 and a "Statement of the Evidence" was filed by Talley on August 15, 2003. SRC objected to Talley's statement of the evidence on August 28, 2003. A "Consent Order Amending Statement of the Evidence" (the "SOE") was filed on September 25, 2003. The SOE reads, in pertinent part, as follows:

> At trial, the Defendant contended that if the Plaintiff qualified as a Holder in Due Course it was entitled to a judgment of the commercial paper it held.
>
> The Defendant also maintained that the Plaintiff could not qualify as Holder in Due Course because it had notice that the note was over due and takes subject to equitable defenses of the Defendant.
>
> The parties present at trial were State Resources Corp., by and through its agent, John Judge, represented by attorney Stephen L. Hughes and the defendant, Thomas E. Talley, represented by attorney

-2-

Sam J. Watridge. Following brief opening statements, plaintiff's first and only witness, John Judge was placed under oath and took the witness stand. During the introduction of the said witness, defendant's attorney stated to the Court that we could "cut through a lot of this" as the facts were not disputed, thereby waiving proof. The sole contested issue, according to defendant's counsel was how a holder in due course scenario applies to this case, at which point each attorney made arguments in support of his respective position. At no time did the defendant or his attorney contest the amount owing on the indebtedness.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

Talley asserts that SRC is not a holder in due course and that, because it is not a holder in due course, SRC has no power to enforce the Note. We disagree.

T.C.A. § 47-3-301 indicates those persons entitled to enforce a negotiable instrument. The statute reads, in relevant part, as follows:

> **47-3-301. Person entitled to enforce instrument.–** "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder.... A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

A "holder" is "the payee or [e]ndorsee of a bill or note who is in possession of it *or the bearer thereof*." Possession of bill or note as essential to maintain action thereon as "holder", 102 A.L.R. 460 (1936) (emphasis added). As bearer of the Note, SRC, under T.C.A. § 47-3-301(i), has the right to enforce the Note, to wit:

> An instrument is a reified right to payment. The right is represented by the instrument itself. The right to payment is transferred by delivery of possession of the instrument "by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."

T.C.A. §47-3-203, cmt. 1.

The question of whether a party is a "holder" of an instrument, and as such entitled to enforce it, is, of course, to be distinguished from the question of whether a party is a "holder in due course" so as to be free from defenses available against original parties to the instrument.

T.C.A. § 47-3-302 defines a "holder in due course," in pertinent part, as follows:

47-3-302. Holder in due course.

(a) Subject to subsection (c) and § 47-3-106(d), "holder in due course" means the holder of an instrument if:

(1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

(2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in § 47-3-306, and (vi) without notice that any party has a defense or claim in recoupment described in § 47-3-305(a).

(b) Notice of discharge of a party, other than discharge in an insolvency proceeding, is not notice of a defense under subsection (a), but discharge is effective against a person who became a holder in due course with notice of the discharge. Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the instrument.

(c) Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken (i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding, (ii) by purchase as part of a bulk transaction not in ordinary course of business of the transferor, or (iii) as the successor in interest to an estate or other organization.

(d) If, under § 47-3-303(a) (1), the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument

-4-

only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

(e) If (i) the person entitled to enforce an instrument has only a security interest in the instrument and (ii) the person obliged to pay the instrument has a defense, claim in recoupment, or claim to the instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the instrument may assert rights as a holder in due course only to an amount payable under the instrument which, at the time of enforcement of the instrument, does not exceed the amount of the unpaid obligation secured.

(f) To be effective, notice must be received at a time and in a manner that gives a reasonable opportunity to act on it.

(g) This section is subject to any law limiting status as a holder in due course in particular classes of transactions.

The primary importance of the concept of holder in due course is with respect to assertion of defenses or claims in recoupment, *see* T.C.A. § 47-3-305, and of claims to the instrument. *See* T.C.A. § 47-3-306. Although Talley "reserve[d] the right to amend the answer to include affirmative defenses and additional responses as they bec[ame] known," no such defenses were ever raised by amendment to the Answer. Because no defenses to enforcement were raised, the question of whether SRC is a holder in due course is irrelevant. In the absence of any defenses, SRC is authorized to enforce the Note as its holder pursuant to T.C.A.§ 47-3-301.

### Attorney's Fees

Talley does not dispute that the attorney for SRC was entitled to an award of attorney's fees. The only issue is whether the award of ten percent (10%) is a reasonable award. On appeal, an appellate court shall not interfere with the trial court's decision, concerning attorney's fees, except upon a showing of an abuse of that discretion. The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.

The Note in this case provides for attorney's fees in Paragraph 13, as follows: "If this note is placed in the hands of an attorney for collection, I agree to pay all attorney's fees, court costs and other legal expenses." Concerning attorney's fees, the SOE indicates the following:

> After the Court ruled in favor of the plaintiff, plaintiff's attorney stated that the subject note provided for reasonable attorney fees and requested a 10% fee, to which defendant's counsel responded "whatever it is" referring to the payoff amount of principal and interest. No further proof was taken.

The trial court awarded a 10% fee in this case, which amounted to $12,187.50, plus costs. Based upon the evidence in record, including the Note, and the SOE, we find that the trial court did not abuse its discretion in making this award of attorney's fees.

For the foregoing reasons, the trial court's judgment is affirmed. Cost of this appeal are assessed to the Appellant, Thomas E. Talley, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.